IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Everton Minott, | ) |
| Petitioner, | ) |
| | ) Civil Action No. 0:18-cv-02561-TMC |
| v. | ) |
| | ) **ORDER** |
| Travis Bragg, Warden, FCI Bennettsville, | ) |
| Respondent. | ) |

Petitioner Everton Minott, a federal prisoner proceeding *pro se*, filed this action pursuant to 28 U.S.C. § 2241, seeking relief from his conviction. (ECF No. 1). Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), this case was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that this court dismiss the Petition without prejudice and without requiring Respondent to file a return. (ECF No. 10). The magistrate judge notified Petitioner of his right to file objections to the Report, *id.* at 5, and Petitioner filed timely objections (ECF No. 13).

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection

1

is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the magistrate judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Since Petitioner has filed this Petition *pro se*, this court is charged with construing the Petition liberally in order to allow for the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal citations omitted); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). However, this does not mean that the court can ignore the Petitioner's failure to allege facts that set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## I. BACKGROUND/PROCEDURAL HISTORY

The magistrate judge set forth the facts in her Report. (ECF No. 10 at 1–2). Briefly, Petitioner states he pled guilty to conspiracy to possess a controlled substance in the United States District Court for the Southern District of Florida.

(ECF Nos. 1 at 1, 7; 1-1 at 6). According to Petitioner, he was sentenced to a term of imprisonment on February 9, 2016.[1] Petitioner did not directly appeal his conviction or sentence. (ECF No. 1 at 2). However, Petitioner did file a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 in June 2018, asserting claims of actual innocence and ineffective assistance of counsel. *Id.* at 4. That motion was denied. *Id.*

Petitioner subsequently filed the instant Petition for a writ of habeas corpus pursuant to § 2241, asking the court to vacate his conviction as to count one. *Id.* at 6. In this Petition, Petitioner asserts that he is actually innocent of conspiracy to possess a controlled substance because he was entrapped or encouraged to commit the crime. *Id.* at 7; (ECF No. 1-1 at 11 – 12). Petitioner also seems to allege that the Government committed prosecutorial misconduct by "manufactur[ing]" the elements of his crime; that his counsel's assistance was deficient because she did not research or explain the defense of entrapment; and, accordingly, that his plea was unknowing and involuntary, rendering his Plea Agreement void. (ECF No. 1 at 7).

## II. DISCUSSION

---

[1] The term of imprisonment was not set forth in the Petition. However, the court takes judicial notice of the records in Petitioner's underlying case in the Southern District of Florida. *See Phillips v. Pitt Cty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (stating that courts "may properly take judicial notice of matters of public record."). As to count one of the indictment, the only count that he has challenged in this Petition, Petitioner received a sentence of sixty months imprisonment and four years of supervised release. *Minott*, C/A 1:15-cr-20677-FAM-1, at doc. 111 (S.D. Fla.).

The magistrate judge recommends that the Petition be dismissed. (ECF No. 10). Petitioner filed objections to the Report, but rather than containing specific objections to the magistrate judge's findings of fact and conclusions, Petitioner's objections largely restated his claims. (ECF No. 13). However, the court is able to glean that Petitioner objects to the magistrate judge's Report on the following grounds: (1) that the magistrate judge erred in determining that the facts did not support a finding of actual innocence; and (2) that the magistrate judge did not address Petitioner's claims for ineffective assistance of counsel, prosecutorial misconduct, or insufficiency of his guilty plea. *Id.*

After reviewing the record in its entirety, the court finds that it does not have jurisdiction to rule on the merits of the Petition (ECF No. 1). As the magistrate judge noted, generally, a petitioner cannot challenge a federal conviction or sentence through § 2241 unless he can show under the "savings clause" of 28 U.S.C. § 2255(e) that a § 2255 motion is "inadequate or ineffective to test the legality of his detention." (ECF No. 10 at 3) (citing 28 U.S.C. § 2255(e)). It is well-settled that to demonstrate that a § 2255 motion is inadequate and ineffective to test the legality of a *conviction*, a petitioner in this circuit must show that:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the [petitioner's] direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and

4

(3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000). If a petitioner cannot meet the savings clause requirements, then a § 2241 petition "must be dismissed for lack of jurisdiction." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010).

The court notes that the claims raised in the instant § 2241 motion are nearly identical to claims raised in Petitioner's § 2255 motion. *United States v. Minott*, C/A 1:18-cv-22460-FAM, at doc. 1 (S.D. Fla. 2018). In the instant Petition, Petitioner specifically acknowledges that his § 2255 was premised on issues of actual innocence and ineffective assistance of counsel. (ECF No. 1 at 4). This court is not the proper venue to challenge the sentencing court's decision regarding Petitioner's § 2255 motion. Additionally, the fact that the sentencing court denied relief under § 2255 based on these same claims does not render a § 2255 motion inadequate or ineffective to test the legality of Petitioner's sentence. *See In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (stating that "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision."). Furthermore, Petitioner has not alleged, nor is the court aware of, any change in the substantive law since the time of his § 2255 motion that would render his conviction illegal. Accordingly, the court finds that Petitioner has not satisfied the savings clause of § 2255(e), and, therefore, is precluded from

challenging his federal conviction under § 2241. As a result, this court is without jurisdiction to rule on the merits of the Petition.

## III.    CONCLUSION

After a careful and thorough review of the record under the appropriate standards, as set forth above, the court adopts the Report (ECF No. 10) as modified. Because the court finds that it does not have jurisdiction to consider the merits of any of the claims Petitioner raises in this § 2241 Petition, the court declines to adopt that portion of the Report that addresses the merits of Petitioner's actual innocence claim (ECF No. 10 at 3–4) or address the related objections (ECF No. 13 at 2–3). Additionally, the court expresses no opinion as to the merits of Petitioner's claims. Accordingly, the Petition (ECF No. 1) is **DISMISSED without prejudice and without requiring Respondent to file a return.**

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that this constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that the petitioner failed to make a "substantial showing of the denial

of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

                                                 s/Timothy M. Cain
                                                 United States District Judge

Anderson, South Carolina
April 18, 2019